VENABLE LLP
William A. Hector (SBN 298490)
    Email: wahector@venable.com
101 California St., Suite 3800
San Francisco, CA 94111
415.653.3738
415.653.3755 - Facsimile

VENABLE LLP
Frank C. Cimino, Jr.
    Email: fccimino@Venable.com
Megan S. Woodworth
    Email: mswoodworth@Venable.com
Jonathan L. Falkler
    Email: jlfalkler@Venable.com
600 Massachusetts Avenue, NW
Washington, DC  20001
202.344.4503

VENABLE LLP
Robert E. Bugg
    Email: rebugg@Venable.com
151 West 42nd Street
New York, NY 10036
212.370.6241

*Attorneys for SAP America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAP AMERICA, INC. | Case No. 3:25-cv-8118 |
|        Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
|   v. | **JURY TRIAL DEMANDED** |
| NOVACLOUD LICENSING, LLC | |
|        Defendant. | |

Plaintiff SAP America, Inc. ("SAP") brings this Complaint against Defendant NovaCloud Licensing, LLC ("NovaCloud" or "Defendant"). In support of this Complaint for Declaratory Judgment, SAP alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 7,860,948 ("the '948 patent"), 7,948,994 ("the '994 patent"), 8,015,291 ("the '291 patent"), 8,145,721 ("the '721 patent"), 8,401,028 ("the '028 patent"), 8,407,348 ("the '348 patent"), 8,606,738 ("the '738 patent"), 9,201,747 ("the '747 patent"), 9,225,651 ("the '651 patent"), 9,491,063 ("the '063 patent"), 9,654,333 ("the '333 patent"), 9,807,159 ("the '159 patent"), 9,847,903 ("the '903 patent"), 9,900,262 ("the '262 patent"), 9,912,582 ("the '582 patent"), 10,225,173 ("the '173 patent"), 10,237,145 ("the '145 patent"), 10,353,730 ("the '730 patent"), 10,430,172 ("the '172 patent"), 10,691,480 ("the '480 patent"), and 11,748,132 ("the '132 patent"), (collectively, the "Asserted Patents") under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2022, and the patent laws of the United States, 35 § 101 et seq., and for other relief the Court deems just and proper.

2.      SAP is a global leader in enterprise applications and business AI software. SAP's product offerings include, *inter alia*, cloud computing platforms and Business Technology Platform services.

3.      NovaCloud is a patent monetization entity. On information and belief, NovaCloud neither makes products nor invests in research & development. NovaCloud's business is litigation. On information and belief, NovaCloud is the owner by assignment of the Asserted Patents.

4.      SAP seeks declaratory judgment that the methods and functionality embodied in its cloud computing and Business Technology Platform services do not infringe any of the Asserted Patents.

//

//

**INTRADISTRICT ASSIGNMENT**

5.     This is an Intellectual Property action and shall be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c) and 3-5(b) as well as this Court's Assignment Plan.

**FACTUAL BACKGROUND**

6.     NovaCloud contacted SAP in June 2025 enclosing correspondence offering a license to NovaCloud's patent portfolio which includes the Asserted Patents. See Exhibit V. NovaCloud suggested that "the patented technologies included in [its] portfolio are found in IaaS and PaaS cloud and data center infrastructure and service offerings," that "many of these technologies are core and ubiquitous to cloud computing platforms and services," and that "[its] analysis indicates that many of [its] patents are relevant to SAP's product offerings including its cloud computing and Business Technology Platform services." *Id.*  NovaCloud also provided a link to its website and to the USPTO assignment records which included a listing of 57 patents assigned to NovaCloud, including the Asserted Patents.  *Id.*

7.     NovaCloud did not develop the technology of the Asserted Patents and instead purchased the Asserted Patents from Telefonaktiebolaget LM Ericsson (Ericsson).

8.     NovaCloud has stated that its "sole purpose" is to take ownership and license a patent portfolio from Ericsson.  See Exhibit V.

9.     NovaCloud has no products, services, manufacturing capability, investments in research and development, or business other than licensing patents purchased from Ericsson.  Accordingly, NovaCloud's only mechanism to generate revenue is to license the Ericsson patents through threat of litigation or actual litigation.  For example, despite launching its licensing effort as recently as early 2025, NovaCloud already has sued two technology companies, Meta Platforms, Inc. and International Business Machines Corporation, on the Ericsson patents.

10.     NovaCloud has recorded security interests in the Asserted Patents held by Ericsson and NCLD1 LLC.  NovaCloud directed correspondence about the NCLD1 LLC security interest to be sent "c/o Soryn IP Group" to the same address that it provided for

NCLD1 LLC, which appears to be the address for Soryn IP Capital Management.

11. NovaCloud's outside counsel contacted SAP in June 2025 again offering a license to NovaCloud's patent portfolio and again suggesting that its portfolio was relevant to SAP's cloud computing platform and Business Technology Platform services. See Exhibit W.

12. In August 2025, SAP had multiple discussions with NovaCloud during which NovaCloud shared additional information about its patent portfolio and its relevance to SAP's products and suggested that SAP could license its portfolio for a sum of money disconnected from any reasonable valuation of the Asserted Patents.

13. NovaCloud also proposed that SAP enter into an NDA to continue discussions and provided a draft NDA in August 2025. NovaCloud indicated that it would provide claim charts mapping its patents against SAP products once the NDA was finalized.

14. NovaCloud told SAP via email that the "intent of the NDA is to prevent SAP from filing a declaratory judgment action with respect to the patents[.]"

15. NovaCloud has also recently enforced some of the Asserted Patents against SAP's competitors.

16. For example, in May 2025, NovaCloud filed a lawsuit against Meta Platforms, Inc. (f/k/a Facebook, Inc.) alleging infringement of the '173 patent, the '721 patent, the '028 patent, and the '333 patent in the District of Delaware, Case No. 1:25-cv-00674.

17. In June 2025, NovaCloud filed a lawsuit against IBM alleging infringement of the '480 patent, the '028 patent, the '348 patent, the '651 patent, the '063 patent, and the '262 patent, in the Eastern District of Texas, Case No. 2:25-cv-00700.

18. During its discussion with SAP, NovaCloud indicated that the patents asserted against Meta and IBM would also be relevant to SAP.

19. NovaCloud has accused SAP's cloud computing platform and business technology platform services, including SAP BTP, SAP HANA, SAP Integration Suite, SAP Data Intelligence, SAP on VMWare, SAP Access Control, SAP Data Hub, SAP SuccessFactors, SAP Cloud ALM, and SAP NetWeaver Application Server, of infringing its patents.

20.     Functionality of SAP Business Technology Platform (BTP) is described in documentation at https://help.sap.com/docs/BTP.

21.     Information on the operation of SAP Monitoring Service within BTP is described in documentation at https://help.sap.com/docs/monitoring-service/sap-monitoring-service-for-sap-btp/what-is-sap-monitoring-service.

22.     Information on the management of virtual machines in SAP BTP is in documentation at https://help.sap.com/docs/virtual-machine-service/sap-virtual-machine-service/what-is-sap-virtual-machine-service and https://help.sap.com/docs/virtual-machine-service/sap-virtual-machine-service/manage-virtual-machines.

23.     Information on the configuration of connectivity within SAP BTP is available at https://help.sap.com/docs/connectivity/sap-btp-connectivity-cf/.

24.     Functionality of SAP HANA is described in documentation at https://help.sap.com/docs/SAP_HANA_PLATFORM.

25.     Information on SAP HANA metering metrics is provided in documentation at https://help.sap.com/docs/hana-cloud-database/sap-hana-cloud-sap-hana-database-administration-guide/metering-metrics.

26.     System monitoring, configuration, and performance optimization aspects of SAP HANA are described in documentation at: https://help.sap.com/docs/SAP_HANA_PLATFORM/6b94445c94ae495c83a19646e7c3fd56/da25cad976064dc0a24a1b0ee9b62525.html.

27.     Information on HANA Cloud functionality is described in documentation at https://help.sap.com/docs/HANA_CLOUD and https://help.sap.com/doc/eef71122810d4aa18d8eb6c37031f98a/hanacloud/en-US/Feature_Scope_Description_SAP_HANA_Cloud_en.pdf.

28.     Information on SAP Integration functionality within SAP Analytics Cloud is available in documentation at https://help.sap.com/docs/SAP_ANALYTICS_CLOUD/42093f14b43c485fbe3adbbe81eff6c8/ae

1c5dce30e1470f8ce75dc14d7212fa.html.

29.    Functionality of SAP Data Intelligence Cloud is described in documentation at https://help.sap.com/docs/data-intelligence-cloud.

30.    Information on SAP on VMware functionality is provided in documentation at https://help.sap.com/docs/SUPPORT_CONTENT/virtualization/3362185786.html.

31.    Functionality of SAP Access Control is described in documentation at https://help.sap.com/docs/SUPPORT_CONTENT/grc/3362386853.html.

32.    Functionality of SAP Data Hub is described in documentation at https://help.sap.com/docs/SAP_DATA_HUB.

33.    Functionality of SAP SuccessFactors is described in documentation at https://help.sap.com/docs/successfactors-platform.

34.    Functionality of SAP Cloud ALM is described in documentation at https://support.sap.com/en/alm/sap-cloud-alm/operations/expert-portal/job-monitoring.html?anchorId=section_1767346953.

35.    Functionality of SAP NetWeaver Application Server is described in documentation at https://help.sap.com/docs/SAP_NETWEAVER_750/ff18034f08af4d7bb33894c2047c3b71/5ca51b59bc5a4b64908308c8ef4c9902.html.

## THE PARTIES

36.    Plaintiff SAP is a Delaware corporation with a principal place of business at 3999 West Chester Pike, Newtown Square, PA 19073.

37.    Defendant NovaCloud is a Delaware limited liability company with its principal place of business at 530 Lytton Avenue, 2nd Floor, #2104, Palo Alto, CA 94301.

## THE ASSERTED PATENTS

### U.S. Patent No. 7,860,948

38.    The '948 patent, titled "Hierarchical caching in telecommunication networks" is attached hereto as Exhibit A.  USPTO assignment records indicate the '948 patent was originally

1  assigned to Telefonaktiebolaget LM Ericsson when it issued on December 28, 2010, and was

2  later assigned to NovaCloud.

3      39.    The '948 patent relates to a method, network node and computer program for

4  management of cached information within a hierarchical structure.

5                              U.S. Patent No. 7,948,994

6      40.    The '994 patent, titled "Method and apparatus for routing and forwarding between

7  virtual routers within a single network element" is attached hereto as Exhibit B.  USPTO

8  assignment records indicate the '994 patent was originally assigned to Telefonaktiebolaget LM

9  Ericsson when it issued on May 24, 2011, and was later assigned to NovaCloud.

10      41.    The '994 patent relates to a method and apparatus for routing and forwarding

11  between virtual routers.

12                              U.S. Patent No. 8,015,291

13      42.    The '291 patent, titled "Monitoring network usage" is attached hereto as Exhibit

14  C.  USPTO assignment records indicate the '291 patent was originally assigned to

15  Telefonaktiebolaget LM Ericsson when it issued on September 6, 2011, and was later assigned to

16  NovaCloud.

17      43.    The '291 patent relates to a method of determining whether a user has complied

18  with a service level agreement with a network operator, comprising collecting a set of data

19  values representative of the user's service usage and comparing the set of data values to the

20  service level agreement.

21                              U.S. Patent No. 8,145,721

22      44.    The '721 patent, titled "Bit streams combination of downloaded multimedia files"

23  is attached hereto as Exhibit D.  USPTO assignment records indicate the '721 patent was

24  originally assigned to Telefonaktiebolaget LM Ericsson when it issued on March 27, 2012, and

25  was later assigned to NovaCloud.

26      45.    The '721 patent relates to a method for downloading a multimedia file from a

27  server to a user device via a bandwidth limited connection.

28

1

U.S. Patent No. 8,401,028

2      46.    The '028 patent, titled "Selection of an edge node in a fixed access

3    communication network" is attached hereto as Exhibit E.  USPTO assignment records indicate

4    the '028 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on

5    March 19, 2013, and was later assigned to NovaCloud.

6      47.    The '028 patent relates to a method and apparatus for selecting an edge node from

7    a plurality of edge nodes in a fixed access communications network.

8

U.S. Patent No. 8,407,348

9      48.    The '348 patent, titled "Monitoring network usage" is attached hereto as Exhibit

10   F.  USPTO assignment records indicate the '348 patent was originally assigned to

11   Telefonaktiebolaget LM Ericsson when it issued on March 26, 2013, and was later assigned to

12   NovaCloud.

13     49.    The '348 patent relates to a method of determining whether a user has complied

14   with a service level agreement with a network operator, comprising collecting a set of data

15   values representative of the user's service usage and comparing the set of data values to the

16   service level agreement.

17

U.S. Patent No. 8,606,738

18     50.    The '738 patent, titled "Policy-based management in communication network" is

19   attached hereto as Exhibit G.  USPTO assignment records indicate the '738 patent was originally

20   assigned to Telefonaktiebolaget LM Ericsson when it issued on December 10, 2013, and was

21   later assigned to NovaCloud.

22     51.    The '738 patent relates to a method and system for policy-based management in a

23   communication system, comprising at a policy enforcement point associated with policy decision

24   points.

25

U.S. Patent No. 9,201,747

26     52.    The '747 patent, titled "Real time database system" is attached hereto as Exhibit

27   H.  USPTO assignment records indicate the '747 patent was originally assigned to

28

COMPLAINT FOR DECLARATORY JUDGMENT

Telefonaktiebolaget LM Ericsson when it issued on December 1, 2015, and was later assigned to NovaCloud.

53.     The '747 patent relates to a real time database system configured to store database content with a plurality of data sets, the database content being partitioned in different partitions.

<u>U.S. Patent No. 9,225,651</u>

54.     The '651 patent, titled "Method and apparatus for load balancing" is attached hereto as Exhibit I.  USPTO assignment records indicate the '651 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on December 29, 2015, and was later assigned to NovaCloud.

55.     The '651 patent relates to methods and apparatus for load balancing in scheduling traffic flows in networks.

<u>U.S. Patent No. 9,491,063</u>

56.     The '063 patent, titled "Method and apparatus for providing network services orchestration" is attached hereto as Exhibit J.  USPTO assignment records indicate the '063 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on November 8, 2016, and was later assigned to NovaCloud.

57.     The '063 patent relates to a method and apparatus for providing network services orchestration using a network services orchestration module.

<u>U.S. Patent No. 9,654,333</u>

58.     The '333 patent, titled "Application allocation in datacenters" is attached hereto as Exhibit K.  USPTO assignment records indicate the '333 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on May 16, 2017, and was later assigned to NovaCloud.

59.     The '333 patent relates to a method for allocating an application to one of a plurality of processing units of the datacenter.

<u>U.S. Patent No. 9,807,159</u>

60.     The '159 patent, titled "Allocation of virtual machines in datacenters" is attached

hereto as Exhibit L.  USPTO assignment records indicate the '159 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on October 31, 2017, and was later assigned to NovaCloud.

61.     The '159 patent relates to a method of operating a datacenter comprising a plurality of hosts configurable to run a plurality of virtual machines.

<u>U.S. Patent No. 9,847,903</u>

62.     The '903 patent, titled "Method and apparatus for configuring a communication system" is attached hereto as Exhibit M.  USPTO assignment records indicate the '903 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on December 19, 2017, and was later assigned to NovaCloud.

63.     The '903 patent relates to a method in a configuration server for configuring a communication system comprising configuring a plurality of nodes in a first cluster and configuring a plurality of nodes in at least a second cluster, such that the configuration server acts as a common configuration server for at least the first and second clusters.

<u>U.S. Patent No. 9,900,262</u>

64.     The '262 patent, titled "Methods, nodes and computer program for enabling of resource component allocation" is attached hereto as Exhibit N.  USPTO assignment records indicate the '262 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on February 20, 2018, and was later assigned NovaCloud.

65.     The '262 patent relates to a method, resource manager, and computer program for enabling resource component allocation based on received resource frames.

<u>U.S. Patent No. 9,912,582</u>

66.     The '582 patent, titled "Multi-tenant isolation in a cloud environment using software defined networking" is attached hereto as Exhibit O.  USPTO assignment records indicate the '582 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on March 6, 2018, and was later assigned to NovaCloud.

67.     The '582 patent relates to systems and methods for ensuring multi-tenant isolation

1    in a data center.

2    <u>U.S. Patent No. 10,225,173</u>

3         68.    The '173 patent, titled "Method to provide elasticity in transport network

4    virtualisation" is attached hereto as Exhibit P.  USPTO assignment records indicate the '173

5    patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on March 5,

6    2019, and was later assigned to NovaCloud.

7         69.    The '173 patent relates to a method for providing support for elasticity in network

8    virtualisation of a heterogeneous, multi-domain network.

9    <u>U.S. Patent No. 10,237,145</u>

10        70.    The '145 patent, titled "Method and architecture for distributed cloud domains" is

11   attached hereto as Exhibit Q.  USPTO assignment records indicate the '145 patent was originally

12   assigned to Telefonaktiebolaget LM Ericsson when it issued on March 19, 2019, and was later

13   assigned to NovaCloud.

14        71.    The '145 patent relates to an application, interface, device and method for

15   coordinating a parameter across cloud domains of various distributed data centers.

16   <u>U.S. Patent No. 10,353,730</u>

17        72.    The '730 patent, titled "Running a virtual machine on a destination host node in a

18   computer cluster" is attached hereto as Exhibit R.  USPTO assignment records indicate the '730

19   patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on July 16,

20   2019, and was later assigned to NovaCloud.

21        73.    The '730 patent relates to a method for running a virtual machine on a destination

22   host node in a computer cluster.

23   <u>U.S. Patent No. 10,430,172</u>

24        74.    The '172 patent, titled "Re-configuration in cloud computing environments" is

25   attached hereto as Exhibit S.  USPTO assignment records indicate the '172 patent was originally

26   assigned to Telefonaktiebolaget LM Ericsson when it issued on October 1, 2019, and was later

27   assigned to NovaCloud.

28

COMPLAINT FOR DECLARATORY JUDGMENT

75.    The '172 patent relates to a data structure comprising a software template for use in a software scheme for re-configuration of an application hosted in a cloud computing environment.

U.S. Patent No. 10,691,480

76.    The '480 patent, titled "Apparatus and method for configuring and enabling virtual applications" is attached hereto as Exhibit T.  USPTO assignment records indicate the '480 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on June 23, 2020, and was later assigned to NovaCloud.

77.    The '480 patent relates to a method to configure and monitor a virtual application in a cloud environment.

U.S. Patent No. 11,748,132

78.    The '132 patent, titled "Apparatus and method for configuring and enabling virtual applications" is attached hereto as Exhibit U.  USPTO assignment records indicate the '132 patent was originally assigned to Telefonaktiebolaget LM Ericsson when it issued on September 5, 2023, and was later assigned to NovaCloud.

79.    The '132 patent relates to a method to configure and monitor a virtual application in a cloud environment.

<strong><u>JURISDICTION AND VENUE</u></strong>

80.    This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, Title 35 of the United States Code.

81.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Jurisdiction is also proper under 28 U.S.C. § 1332 because SAP and NovaCloud are citizens of different states, and the value of the controversy exceeds $75,000.00.

82.    Pursuant to 28 U.S.C. § 2201, this Court can provide the declaratory relief sought in SAP's Complaint because an actual case or controversy exists between SAP and NovaCloud. An actual case or controversy exists at least because SAP does not infringe and has not infringed

1    any claims of the Asserted Patents.

2        83.    This Court has personal jurisdiction over NovaCloud because its principal place

3    of business is in this District.

4        84.    Venue is proper in this District under 28 U.S.C. Section 1391 because NovaCloud

5    has a regular and established place of business in this District and is subject to personal

6    jurisdiction here.

7        85.    An immediate, real, and justiciable controversy exists between SAP and

8    NovaCloud as to whether SAP is infringing or has infringed the Asserted Patents.

9                    **FIRST CLAIM FOR RELIEF**

10            **(Declaratory Judgment that SAP Does Not Infringe the '948 Patent)**

11        86.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–

12    85 of this Complaint as if fully set forth herein.

13        87.    In view of the facts and allegations set forth above, there is an actual, justiciable,

14    substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP

15    and NovaCloud regarding whether SAP infringes any claim of the '948 patent.

16        88.    SAP does not directly or indirectly infringe any claim of the '948 patent, either

17    literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of

18    the '948 patent at least because its cloud computing platform and Business Technology Platform

19    services do not include caching in a hierarchical architecture as described in these patents and

20    therefore do not include methods or systems that dynamically manage cached information by

21    checking the access statistics of another location responsive to receiving a request for cached

22    information, and optimizing access for the at least one host and nearby hosts "by mov[ing] the

23    cached information up or down within [a] hierarchical architecture" where "the requested

24    information, being available, is returned and the access statistics of the information by other

25    hosts is checked" as required by the claims.

26        89.    SAP is therefore entitled to the declaratory judgment that its cloud computing

27    platform and Business Technology Platform services do not infringe any claims of the '948

28

patent, directly or indirectly, literally or by equivalence.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '994 Patent)

90.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–89 of this Complaint as if fully set forth herein.

91.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '994 patent.

92.    SAP does not directly or indirectly infringe any claim of the '994 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '994 patent at least because its cloud computing platform and Business Technology Platform services do not include multiple virtual routers within a single network element as described in this patent, and therefore do not include the claimed first and second virtual routers with different address spaces where "a logical interface couples virtual routers internally within a single network element;" and packets are forwarded "directly from the second virtual router to the first virtual router with the logical interface without lower layer processing."

93.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '994 patent, directly or indirectly, literally or by equivalence.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '291 Patent)

94.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–93 of this Complaint as if fully set forth herein.

95.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '291 patent.

96.    SAP does not directly or indirectly infringe any claim of the '291 patent, either

1    literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of

2    the '291 patent at least because its cloud computing platform and Business Technology Platform

3    services do not use threshold values to record activity and saturation as described in the patent,

4    and therefore do not include predefined activity and saturation threshold values and do not

5    "record[] an average loading of the network service during a time that the network service was

6    considered active relative to a predefined activity threshold value" and "record[] a length of time

7    in which the network service was considered saturated relative to a predefined saturation

8    threshold value" as required by the claims.

9        97.    SAP is therefore entitled to the declaratory judgment that its cloud computing

10   platform and Business Technology Platform services do not infringe any claims of the '291

11   patent, directly or indirectly, literally or by equivalence.

12                            **FOURTH CLAIM FOR RELIEF**

13          **(Declaratory Judgment that SAP Does Not Infringe the '721 Patent)**

14       98.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–

15   97 of this Complaint as if fully set forth herein.

16       99.    In view of the facts and allegations set forth above, there is an actual, justiciable,

17   substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP

18   and NovaCloud regarding whether SAP infringes any claim of the '721 patent.

19       100.   SAP does not directly or indirectly infringe any claim of the '721 patent, either

20   literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of

21   the '721 patent at least because its cloud computing platform and Business Technology Platform

22   services do not download multimedia files in two bit streams as described in the patent and

23   therefore do not, in response to requests, adapt multimedia files for downloading via two bit

24   streams by "dividing said multimedia file into a first part, which is coded using a first coding,

25   and into a second part, which is coded using a second coding . . . wherein said first part is coded

26   on the basis of the throughput requirements for streaming said first bit stream;" nor does it "set[]

27   up a first set of conditions for streaming said first part via a first bit stream" or provide a server

28

"adapted to" perform these steps as required by the claims.

101.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '721 patent, directly or indirectly, literally or by equivalence.

### FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '028 Patent)

102.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1– 101 of this Complaint as if fully set forth herein.

103.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '028 patent.

104.    SAP does not directly or indirectly infringe any claim of the '028 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '028 patent at least because its cloud computing platform and Business Technology Platform services do not include edge node selection as described in the patent and therefore do not include, in response to a request for a network service, selecting an edge node and identifying it to a host entity by obtaining "data comprising information relating to the status and capabilities of each edge node of the plurality of edge nodes" where "the selected edge node provid[es] a path between the host entity and the requested network service" as required by the claims.

105.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '028 patent, directly or indirectly, literally or by equivalence.

### SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '348 Patent)

106.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1– 105 of this Complaint as if fully set forth herein.

107.    In view of the facts and allegations set forth above, there is an actual, justiciable,

substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '348 patent.

108.    SAP does not directly or indirectly infringe any claim of the '348 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '348 patent at least because its cloud computing platform and Business Technology Platform services do not use threshold values to record activity and saturation as described in the patent, and therefore do not include predefined activity and saturation threshold values and do not "record[] an average loading of the network service during a time that the network service was considered active relative to a predefined activity threshold value" and "record[] a length of time in which the network service was considered saturated relative to a predefined saturation threshold value" as required by the claims.

109.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '348 patent, directly or indirectly, literally or by equivalence.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '738 Patent)

110.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–109 of this Complaint as if fully set forth herein.

111.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '738 patent.

112.    SAP does not directly or indirectly infringe any claim of the '738 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '738 patent at least because its cloud computing platform and Business Technology Platform services do not include the claimed policy based management methods and systems, including "[a] policy enforcement point [] requesting decisions from [a] plurality of policy decision points through [a] policy strategy point" in response to an event, and a policy strategy point with "a

decision strategy [comprising] an algorithm for determining a resulting decision . . . based on the plurality of decisions received from the plurality of policy decision points" as required by the claims.

113.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '738 patent, directly or indirectly, literally or by equivalence.

**EIGHTH CLAIM FOR RELIEF**

**(Declaratory Judgment that SAP Does Not Infringe the '747 Patent)**

114.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–113 of this Complaint as if fully set forth herein.

115.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '747 patent.

116.    SAP does not directly or indirectly infringe any claim of the '747 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '747 patent at least because its cloud computing platform and Business Technology Platform services do not include the specific partitioned configuration of master databases and replica databases and failure remedy described in the patents, including "master databases" containing a partition of the database content, "each partition being provided on a different physical storage unit" and "each replica database containing subpartitions of the partitions stored in the master databases" where "replicas of subpartitions of one partition are contained on different physical storage units, on another physical storage unit other than said one partition, and on a physical storage unit other than the at least one replicator" and a "hybrid storage unit . . . configured to move, from the disk memory area to the working memory area of the hybrid storage unit, a replica of a master database for which a failure has been detected, the replica of the failed master database becoming the master database for the failed master database" or the corresponding method of generating this configuration.

117.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '747 patent, directly or indirectly, literally or by equivalence.

### NINTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '651 Patent)

118.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–117 of this Complaint as if fully set forth herein.

119.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '651 patent.

120.    SAP does not directly or indirectly infringe any claim of the '651 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '651 patent at least because its cloud computing platform and Business Technology Platform services do not use the threshold-based load-balancing technique described in the patents and therefore do not include a system or method for load balancing that, in response to determining that a load on a target processing engine exceeds a first threshold, "update[es] [a] selection of the target PE based on a scheduling status of the traffic flow, the scheduling status indicating a dispatch of a previous packet of the traffic flow, such that the packet is dispatched to the same target PE as the previous packet."

121.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '651 patent, directly or indirectly, literally or by equivalence.

### TENTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '063 Patent)

122.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–121 of this Complaint as if fully set forth herein.

123.    In view of the facts and allegations set forth above, there is an actual, justiciable,

substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '063 patent.

124.    SAP does not directly or indirectly infringe any claim of the '063 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '063 patent at least because its cloud computing platform and Business Technology Platform services do not include the northbound and southbound APIs described in the patents, and therefore do not include a "a steering module" with an "instance location southbound API" configured to push changes in availability and "provid[e] identity, topological location, and performance type service data to the steering module" as required by the claims.

125.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '063 patent, directly or indirectly, literally or by equivalence.

## ELEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '333 Patent)

126.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–125 of this Complaint as if fully set forth herein.

127.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '333 patent.

128.    SAP does not directly or indirectly infringe any claim of the '333 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '333 patent at least because its cloud computing platform and Business Technology Platform services do not allocate resources using information on an application's demands after deployment as described in the patent and therefore does not include allocation requests "comprising application network load information that describes the application's demands on communication traffic in the datacenter after the application or the virtual image has been deployed onto the one of the plurality of processing units," and selecting a processing unit for

deploying "based on the application network load information and the path network load information," by "comparing the application network load information to path network load information of network paths to each one of the plurality of processing units" as required by the claims.

129.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '333 patent, directly or indirectly, literally or by equivalence.

## TWELFTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '159 Patent)

130.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–129 of this Complaint as if fully set forth herein.

131.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '159 patent.

132.    SAP does not directly or indirectly infringe any claim of the '159 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '159 patent at least because its cloud computing platform and Business Technology Platform services do not create or use the network profiles nor predict future behavior as described in the patent, and therefore do not "create a stored network history profile for [a] first virtual machine" "select[] a second virtual machine of the plurality of virtual machines as a master virtual machine" and determine "a target allocation of the first virtual machine at a second host based on a comparison of a last profile sequence of the first virtual machine to the stored network history profile to predict a future behavior of the first virtual machine."

133.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '159 patent, directly or indirectly, literally or by equivalence.

**THIRTEENTH CLAIM FOR RELIEF**

**(Declaratory Judgment that SAP Does Not Infringe the '903 Patent)**

134.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–133 of this Complaint as if fully set forth herein.

135.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '903 patent.

136.    SAP does not directly or indirectly infringe any claim of the '903 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '903 patent at least because its cloud computing platform and Business Technology Platform services do not include the use of a common configuration server for configuring two distinct clusters in a communication system as described in the patent and therefore do not include a configuration service address stored at "each of [a] first plurality of nodes" and "each of [a] second plurality of nodes . . . such that the configuration server acts as a common configuration server for at least [a] first and second cluster[]" in the communication system.

137.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '903 patent, directly or indirectly, literally or by equivalence.

**FOURTEENTH CLAIM FOR RELIEF**

**(Declaratory Judgment that SAP Does Not Infringe the '262 Patent)**

138.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–137 of this Complaint as if fully set forth herein.

139.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '262 patent.

140.    SAP does not directly or indirectly infringe any claim of the '262 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of

1     the '262 patent at least because its cloud computing platform and Business Technology Platform

2     services do not have a resource manager utilizing the combination of resource frames as

3     described in this patent, and therefore do not include a resource manager that performs

4     performance monitoring of an application at two hosts and combines resource frames from the

5     two hosts to "form an operations profile of an application using a shared environment" that is

6     dynamic over time, as required by the claims.

7         141.     SAP is therefore entitled to the declaratory judgment that its cloud computing

8     platform and Business Technology Platform services do not infringe any claims of the '262

9     patent, directly or indirectly, literally or by equivalence.

10                      **FIFTEENTH CLAIM FOR RELIEF**

11       **(Declaratory Judgment that SAP Does Not Infringe the '582 Patent)**

12         142.     SAP repeats and re-alleges each and every allegation contained in paragraphs 1–

13     141 of this Complaint as if fully set forth herein.

14         143.     In view of the facts and allegations set forth above, there is an actual, justiciable,

15     substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP

16     and NovaCloud regarding whether SAP infringes any claim of the '582 patent.

17         144.     SAP does not directly or indirectly infringe any claim of the '582 patent, either

18     literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of

19     the '582 patent at least because its cloud computing platform and Business Technology Platform

20     services do not use two controllers forwarding rule requests as described in the patent and

21     therefore do not include the claimed first and second controllers "wherein the first controller is

22     associated with a plurality of tenants in the multi-tenant network and the second controller is

23     associated with one tenant of the plurality of tenants" and wherein a tenant information is

24     requested from the first controller, and a forwarding rule is requested from the second controller

25     as claimed.

26         145.     SAP is therefore entitled to the declaratory judgment that its cloud computing

27     platform and Business Technology Platform services do not infringe any claims of the '582

28

patent, directly or indirectly, literally or by equivalence.

## SIXTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '173 Patent)

146.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–145 of this Complaint as if fully set forth herein.

147.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '173 patent.

148.    SAP does not directly or indirectly infringe any claim of the '173 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '173 patent at least because its cloud computing platform and Business Technology Platform services do not generate virtual network topologies using elasticity parameters as described in the patent and therefore "produc[e] a topology of a virtual network . . . by associating elasticity parameters with [] at least one virtual link, wherein the elasticity parameters represent the elasticity capabilities of the physical paths" as required by the claims.

149.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '173 patent, directly or indirectly, literally or by equivalence.

## SEVENTEENTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '145 Patent)

150.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–149 of this Complaint as if fully set forth herein.

151.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '145 patent.

152.    SAP does not directly or indirectly infringe any claim of the '145 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of

the '145 patent at least because its cloud computing platform and Business Technology Platform services do not include the parameter coordination across cloud domains as described in the patent, and therefore include coordinating a parameter across cloud domains of various data centers by "sending each of [a] plurality of values [for a parameter] to each of the cloud domains of the various data centers" and "accepting [a] corresponding value if there is no internal conflict or sending back to the infrastructure service a conflict message if there is an internal conflict" nor do they perform parameter coordination by "send[ing] to a second local infrastructure service a seed list that includes the first seed," and "generate[ing] at the second local infrastructure service" either "a second seed that is different from the first seed" or "a second value of the parameter based on the second seed," and do not include "the third local infrastructure service" which receives "the seed list that includes the first seed and the second seed" as required by the claims.

153.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '145 patent, directly or indirectly, literally or by equivalence.

**EIGHTEENTH CLAIM FOR RELIEF**

**(Declaratory Judgment that SAP Does Not Infringe the '730 Patent)**

154.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–153 of this Complaint as if fully set forth herein.

155.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '730 patent.

156.    SAP does not directly or indirectly infringe any claim of the '730 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '730 patent at least because its cloud computing platform and Business Technology Platform services do not use percentages of target configuration parameters to identify range or deviation from targets for classifying priority as described in the patents, and therefore do not include

selecting a destination host node for a virtual machine based on "prioritizations [that] classify the target configuration parameters in a priority order" where "in dependence of the priority order, a certain range or deviation up to a specific percentage of the target configuration parameter is allowed" as required by the claims.

157.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '730 patent, directly or indirectly, literally or by equivalence.

## NINETEENTH CLAIM FOR RELIEF

### (Declaratory Judgment that SAP Does Not Infringe the '172 Patent)

158.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–157 of this Complaint as if fully set forth herein.

159.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '172 patent.

160.    SAP does not directly or indirectly infringe any claim of the '172 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '172 patent at least because its cloud computing platform and Business Technology Platform services do not use programming interfaces together with templates for reconfiguring schemes relating to scaling and upgrading software as described in the patent, and therefore include the claimed "[first] software scheme" for a reconfiguration that relates to "scaling of the hosted application and upgrading software instructions of the hosted application" and a "[second] software scheme" generated by a software template applied to a hosted application, nor the three recited "portions" of software instructions, as claimed.

161.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '172 patent, directly or indirectly, literally or by equivalence.

**TWENTIETH CLAIM FOR RELIEF**

**(Declaratory Judgment that SAP Does Not Infringe the '480 Patent)**

162.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–161 of this Complaint as if fully set forth herein.

163.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '480 patent.

164.    SAP does not directly or indirectly infringe any claim of the '480 patent, either literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '480 patent at least because its cloud computing platform and Business Technology Platform services do not use injection virtual machine images as described in the patent, and specifically do not "modify[] an injection virtual machine (VM) image to include injection data;" "modify[] a virtual application deployment descriptor for the virtual application to indicate that the injection VM is to be injected into the virtual application;" or "caus[e] the virtual application, with the injection VM, to be deployed in the cloud environment using the modified virtual application deployment descriptor" as required by the claims.

165.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '480 patent, directly or indirectly, literally or by equivalence.

**TWENTY-FIRST CLAIM FOR RELIEF**

**(Declaratory Judgment that SAP Does Not Infringe the '132 Patent)**

166.    SAP repeats and re-alleges each and every allegation contained in paragraphs 1–165 of this Complaint as if fully set forth herein.

167.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy within the meaning of 28 U.S.C. § 2201 between SAP and NovaCloud regarding whether SAP infringes any claim of the '132 patent.

168.    SAP does not directly or indirectly infringe any claim of the '132 patent, either

COMPLAINT FOR DECLARATORY JUDGMENT

Case No. 3:25-cv-8118

literally or under the doctrine of equivalents.  For example, SAP does not infringe the claims of the '132 patent at least because its cloud computing platform and Business Technology Platform services do not use injection virtual machine images as described in the patent, and specifically do not "modify[] an injection virtual appliance image to include the instructions [that include] activation instructions for setting a license activation key for the virtual application and activating the virtual application;" or "modify[] a virtual application deployment descriptor for the virtual application to indicate that the injection virtual appliance is to be injected into the virtual application" as required by the claims.

169.    SAP is therefore entitled to the declaratory judgment that its cloud computing platform and Business Technology Platform services do not infringe any claims of the '132 patent, directly or indirectly, literally or by equivalence.

## **SAP'S PRAYER FOR RELIEF**

SAP respectfully requests this Court grant judgment and relief as follows:

(a)    Declaring that SAP does not directly or indirectly infringe any claim of the '948 patent, either literally or under the doctrine of equivalents;

(b)    Declaring that SAP does not directly or indirectly infringe any claim of the '994 patent, either literally or under the doctrine of equivalents;

(c)    Declaring that SAP does not directly or indirectly infringe any claim of the '291 patent, either literally or under the doctrine of equivalents;

(d)    Declaring that SAP does not directly or indirectly infringe any claim of the '721 patent, either literally or under the doctrine of equivalents;

(e)    Declaring that SAP does not directly or indirectly infringe any claim of the '028 patent, either literally or under the doctrine of equivalents;

(f)    Declaring that SAP does not directly or indirectly infringe any claim of the '348 patent, either literally or under the doctrine of equivalents;

(g)    Declaring that SAP does not directly or indirectly infringe any claim of the '738 patent, either literally or under the doctrine of equivalents;

(h)     Declaring that SAP does not directly or indirectly infringe any claim of the '747 patent, either literally or under the doctrine of equivalents;

(i)     Declaring that SAP does not directly or indirectly infringe any claim of the '651 patent, either literally or under the doctrine of equivalents;

(j)     Declaring that SAP does not directly or indirectly infringe any claim of the '063 patent, either literally or under the doctrine of equivalents;

(k)     Declaring that SAP does not directly or indirectly infringe any claim of the '333 patent, either literally or under the doctrine of equivalents;

(l)     Declaring that SAP does not directly or indirectly infringe any claim of the '159 patent, either literally or under the doctrine of equivalents;

(m)     Declaring that SAP does not directly or indirectly infringe any claim of the '903 patent, either literally or under the doctrine of equivalents;

(n)     Declaring that SAP does not directly or indirectly infringe any claim of the '262 patent, either literally or under the doctrine of equivalents;

(o)     Declaring that SAP does not directly or indirectly infringe any claim of the '582 patent, either literally or under the doctrine of equivalents;

(p)     Declaring that SAP does not directly or indirectly infringe any claim of the '173 patent, either literally or under the doctrine of equivalents;

(q)     Declaring that SAP does not directly or indirectly infringe any claim of the '145 patent, either literally or under the doctrine of equivalents;

(r)     Declaring that SAP does not directly or indirectly infringe any claim of the '730 patent, either literally or under the doctrine of equivalents;

(s)     Declaring that SAP does not directly or indirectly infringe any claim of the '172 patent, either literally or under the doctrine of equivalents;

(t)     Declaring that SAP does not directly or indirectly infringe any claim of the '480 patent, either literally or under the doctrine of equivalents;

(u)     Declaring that SAP does not directly or indirectly infringe any claim of the '132

COMPLAINT FOR DECLARATORY JUDGMENT

Case No. 3:25-cv-8118

patent, either literally or under the doctrine of equivalents;

(v)     A permanent injunction restraining NovaCloud, and its respective officers, agents, servants, employees, attorneys, and any other persons acting on their behalf or in concert with them, from charging or threatening, orally or in writing, that the Asserted Patents have been infringed by SAP under any subsection of 35 U.S.C. § 271;

(w)     An order that this case is "exceptional" pursuant to 35 U.S.C. § 285 entitling SAP an award of its reasonable and necessary attorneys' fees, expenses, and costs, and pre-judgment interest thereon;

(x)     An order awarding SAP its costs of suit incurred in this action; and

(y)     Granting to SAP such other and further relief as this Court deems just and proper.


Dated: September 24, 2025                 VENABLE LLP

                                By:     */s/ William A. Hector*
                                        William A. Hector (SBN 298490)
                                        Frank C. Cimino, Jr. (*pro hac forthcoming*)
                                        Megan S. Woodworth (*pro hac forthcoming*)
                                        Jonathan L. Falkler (*pro hac forthcoming*)
                                        Robert E. Bugg (*pro hac forthcoming*)

                                        *Attorneys for SAP America, Inc.*

## DEMAND FOR A JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), SAP demands a jury trial on all issues and claims so triable.

Dated: September 24, 2025                          VENABLE LLP

                                    By:    */s/ William A. Hector*
                                           William A. Hector (SBN 298490)
                                           Frank C. Cimino, Jr. (*pro hac forthcoming*)
                                           Megan S. Woodworth (*pro hac forthcoming*)
                                           Jonathan L. Falkler (*pro hac forthcoming*)
                                           Robert E. Bugg (*pro hac forthcoming*)

                                           *Attorneys for SAP America, Inc.*

COMPLAINT FOR DECLARATORY JUDGMENT

Case No. 3:25-cv-8118