John B. Campbell (*admitted pro hac vice*)
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

*(additional counsel listed on next page)*

Attorneys for Defendant
NOVACLOUD LICENSING, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAP AMERICA, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>NOVACLOUD LICENSING, LLC<br><br>*Defendant*. | CASE NO. 3:25-cv-08118-JD<br><br>**NOVACLOUD LICENSING LLC'S MOTION TO EXTEND TIME OF THE INITIAL CASE MANAGEMENT CONFERENCE AND REQUEST FOR RELIEF FROM THE ORDER SETTING THE INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Judge: Hon. James Donato<br>Courtroom: 11, 19th Floor |

McKool Smith, P.C.

Def.'s Mot. & Request for Relief from
the Order Setting Initial Case Mgmt. Conf.                                    Case No. 3:25-cv-08118-JD

Alan P. Block
California Bar No. 143783
ablock@mckoolsmith.com
Clara Bourget
California Bar No. 356959
cbourget@McKoolSmith.com
**MCKOOL SMITH P.C.**
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Stone A. Martin (*admitted pro hac vice*)
Texas State Bar No. 24143713
smartin@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Kevin L. Burgess (*admitted pro hac vice*)
Texas State Bar No. 24006927
kburgess@McKoolSmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Facsimile: (903) 923-9099

Michael E. Catapano (*admitted pro hac vice*)
New York State Bar No. 5933700
mcatapano@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Attorneys for Defendant
NOVACLOUD LICENSING, LLC

**MCKOOL SMITH, P.C.**

Def.'s Mot. & Request for Relief from
the Order Setting Initial Case Mgmt. Conf.                    Case No. 3:25-cv-08118-JD

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   CIRCUMSTANCES AND REASONS FOR REQUESTED EXTENSION.................1

    A.    The Current Date for the Initial Case Management Conference Presents Jurisdictional Issues ...................................................................................................2

    B.    The Current Date for the Initial Case Management Conference Presents Procedural Issues ....................................................................................................2

III.  CONFERENCE ......................................................................................................3

IV.   PROPOSED REVISED CASE MANAGEMENT SCHEDULE ...............................4

V.    CONCLUSION.......................................................................................................4

MCKOOL SMITH, P.C.

-i-

Def.'s Mot. & Request for Relief from
the Order Setting Initial Case Mgmt. Conf.

Case No. 3:25-cv-08118-JD

MCKOOL SMITH, P.C.

## I.    INTRODUCTION

Pursuant to Civil Local Rules 6-1, 6-3, and 16-2(d), and Judge James Donato's Standing Order for Civil Cases, Defendant NovaCloud Licensing LLC ("NovaCloud") moves to postpone the Initial Case Management Conference to a date after the Court rules on NovaCloud's Motion to Dismiss. Plaintiff SAP America, Inc. ("SAP") does not oppose this request.

SAP served its declaratory judgment complaint of non-infringement against NovaCloud on October 3, 2025. Dkt. No. 13. NovaCloud filed a Motion to Dismiss for lack of subject matter jurisdiction under the Declaratory Judgment Act. Dkt. No. 32. Briefing for NovaCloud's Motion was completed on December 26, 2025. Dkt. No. 40. On October 23, 2025, the parties submitted a joint stipulation extending the time for NovaCloud to respond to SAP's complaint to December 15, 2025. Dkt. No. 23. The instant Motion and Request for Relief is NovaCloud's first request to extend time for the Initial Case Management Conference.

The Court previously scheduled the hearing on the Motion to Dismiss for January 15, 2026. Dkt. No. 34. On January 9, 2026, the Court postponed the Motion to Dismiss hearing to March 19, 2026. Dkt. No. 43. The Initial Case Management Conference is set for January 29, 2026. Dkt. No. 14.

NovaCloud has worked diligently to meet the existing deadlines, but good cause exists to postpone the Initial Case Management Conference until after the Court rules on the Motion to Dismiss.

## II.    CIRCUMSTANCES AND REASONS FOR REQUESTED EXTENSION

SAP filed a complaint of non-infringement of twenty-one NovaCloud patents that NovaCloud never identified or put at issue. *E.g.,* Dkt. Nos. 32, 40. NovaCloud thus seeks to dismiss SAP's complaint for lack of subject matter jurisdiction under the Declaratory Judgment Act. Dkt. No. 32. The Court *sua sponte* rescheduled the hearing on the Motion to Dismiss to March 19, 2026 (Dkt. No. 43), almost two months after the Initial Case Management Conference. Dkt. No. 14. If the Court were to keep the current schedule, several jurisdictional and procedural issues would arise.

-1-

Def.'s Mot. & Request for Relief from
the Order Setting Initial Case Mgmt. Conf.

Case No. 3:25-cv-08118-JD

As such and as discussed below, good cause exists to postpone the Initial Case Management Conference.

### A. The Current Date for the Initial Case Management Conference Presents Jurisdictional Issues

As discussed in NovaCloud's Motion, the Court must decide whether it has subject matter jurisdiction over this case. Dkt. No. 32. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 94 (1998) (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3). Courts in this District agree that case management conferences should be postponed until such motions to dismiss are no longer pending. *See*, *e.g.*, *Bennett v. Kinney*, No. 15-CV-02200-JSW, 2015 WL 6847911, at *1 (N.D. Cal. Nov. 9, 2015); *Satchell v. Yinzcam, Inc.*, No. 4:16-cv-04961-JSW, Dkt. No. 80 (N.D. Cal. Aug. 8, 2017). NovaCloud requests that the Court similarly set the Initial Case Management Conference to occur after ruling on the Motion to Dismiss.

### B. The Current Date for the Initial Case Management Conference Presents Procedural Issues

Holding the Initial Case Management Conference before resolving the Motion to Dismiss presents procedural issues. These issues, summarized below, arise because the dates implicated by the Court's Standing Order for Civil Cases ("Standing Order") are based on the date of the Initial Case Management Conference.

First, even if the Court were to find jurisdiction is proper at the hearing now scheduled for March 19, 2026 (i.e., likely the earliest date at which the Court would rule on NovaCloud's Motion), NovaCloud would have until April 2, 2026, to answer SAP's complaint. Fed. R. Civ. P. 12(a)(4). Under SAP's proposed schedule, the last day to amend pleadings is February 26, 2026 (i.e., over one month before April 2, 2026). The date proposed by SAP to file amended pleadings is **before** the date established by the Federal Rules for NovaCloud to answer or otherwise respond to SAP's complaint assuming a decision at the hearing. *See* Fed. R. Civ. P. 12(a)(4); Fed. R. Civ. P. 15(a)(1); Bourget Decl. ¶ 6. Postponing the Initial Case Management Conference until after the Court resolves the jurisdictional issues avoids this absurd result.

McKool Smith, P.C.

-2-

Def.'s Mot. & Request for Relief from
the Order Setting Initial Case Mgmt. Conf.                    Case No. 3:25-cv-08118-JD

Second, under SAP's proposed schedule, NovaCloud would be required to provide its Asserted Claims and Infringement Contentions on March 12, 2026. This is before NovaCloud's Answer would be due, in which NovaCloud would first address SAP's allegations of non-infringement with potential assertions of infringement, which, as detailed in NovaCloud's Motion to Dismiss, NovaCloud has not yet done. As a result, detailed infringement contentions would improperly be due prior to *any allegations* of infringement being required. *SAP Aktiengesellschaft v. i2 Techs., Inc.*, 250 F.R.D. 472, 474-75 (N.D. Cal. 2008) ("whatever actual deadlines may result from application of the timing formulas set forth in the Patent Local Rules must not trump the necessary modification of such deadlines pursuant to court orders authorized by the Federal Rules"); *Share Memory Graphics LLC v. Apple, Inc.*, 812 F.Supp.2d 1022, 1025 (N.D. Cal. 2010) (stating that Rule 3-1 requires a patent holder to "map specific elements of Defendants' *alleged* infringing products onto" the patent claims) (emphasis added). This is fundamentally unfair, because SAP, not NovaCloud, defined the contours of this case: SAP initiated this action, SAP selected the patents at issue based on criteria known only to SAP, and only SAP has access to its internal technical documents that describe the structure and operation of its products and services. Postponing the Initial Case Management Conference until after the Court resolves the jurisdictional issues is the only way to avoid this procedural anomaly and resulting unfairness.

Fairness dictates that NovaCloud should not be forced to take potentially binding positions on infringement of the patents SAP put at issue without the benefit of at least some technical discovery. Neither should NovaCloud be required to serve infringement contentions prior to responding to SAP's complaint, which, owing to the date of the Initial Case Management Conference, would entail expending significant resources while the Court's fundamental power to hear the case remains in doubt. *Cf. Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1118 (N.D. Cal. 2024) (staying discovery pending determination on potentially dispositive motion to dismiss).

## III.    CONFERENCE

Counsel for NovaCloud  conferred with SAP's counsel in an effort to reach agreement about the matter. SAP stated that it is prepared to go forward with the Initial Case Management Conference

-3-

Def.'s Mot. & Request for Relief from
the Order Setting Initial Case Mgmt. Conf.                                         Case No. 3:25-cv-08118-JD

McKool Smith, P.C.

on January 29, 2026, but does not object if the Court prefers to postpone it. SAP declined to join NovaCloud in submitting this request as a joint stipulation. *See* Bourget Decl. ¶ 8.

## IV.   PROPOSED REVISED CASE MANAGEMENT SCHEDULE

Given the stage at which the proceedings are, and the fact that the parties have not yet submitted a Joint Case Management Statement, NovaCloud proposes that the Initial Case Management Conference be postponed until after the Court rules on the Motion to Dismiss. The hearing on the Motion to Dismiss is scheduled for March 19, 2026. The parties will file a Joint Case Management Statement in advance of the rescheduled Initial Case Management Conference. As there is no schedule entered, the requested relied would have no effect on any existing schedule except for the date of the Initial Case Management Conference while avoiding the entry of a schedule that invites jurisdictional and procedural issues.

## V.   CONCLUSION

Based on the foregoing, NovaCloud requests that the Court grant its request to postpone the Initial Case Management Conference to postpone until after ruling on the Motion to Dismiss.

DATED: January 19, 2026

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By ___/s/ *John B. Campbell*_____
John B. Campbell (*admitted pro hac vice*)
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Attorneys for Defendant
NOVACLOUD LICENSING, LLC

-4-