[Attorney list on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SAP AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>NOVACLOUD LICENSING, LLC<br><br>Defendant. | Case No. 3:25-cv-08118-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: January 29, 2026<br>Time: 11 a.m.<br>Department: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato<br><br>Complaint Filed: September 24, 2025<br>Trial Date: Not set |

Plaintiff SAP America, Inc. ("SAP") and Defendant NovaCloud Licensing, LLC ("NovaCloud") submit this Joint Case Management Statement and Proposed Order under Fed. R. Civ. P. 26(f), Civil Local Rule ("Local Rule") 16-9, Patent Local Rule ("Patent Local Rule") 2-1, the Standing order for Civil Cases Before Judge James Donato, and the Standing Order for All Judges of the Northern District of California titled "Contents of Joint Case Management Statement."

**1.     Jurisdiction and Service**

**a.     SAP's Statement**

The Court has subject matter jurisdiction over SAP's claims because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Jurisdiction is also proper under 28 U.S.C. § 1332 because SAP and NovaCloud are citizens of different states, and the value of the controversy exceeds $75,000.00.

The Court has personal jurisdiction over this case because NovaCloud's principal place of business is in this District.

**b.     NovaCloud's Statement**

As described in NovaCloud's Motion to Dismiss (Dkt. Nos. 32, 40), this Court does not have subject matter jurisdiction over SAP's claims under the Declaratory Judgment Act. 28 U.S.C. § 2201.

**2.     Facts**

**a.     SAP's Statement**

NovaCloud's actions have created a real and immediate controversy between NovaCloud and SAP as to whether SAP's products and/or services infringe any claims of the Patents-in-Suit as set forth in SAP's Complaint (Dkt. 1) at ¶¶ 6-19 and SAP's Opposition to NovaCloud's Motion to Dismiss at Dkt. 39. SAP included the Patents-in-Suit in its Complaint based on NovaCloud's pre-suit communications with SAP as described in the Opposition to NovaCloud's Motion to Dismiss. Dkt. 39 at 9.

-1-

### b.    NovaCloud's Statement

NovaCloud never displayed the requisite intent to enforce its patents during the entirety of its communications with SAP to create a real and immediate controversy necessary under the Declaratory Judgment Act. NovaCloud only sought to have good-faith licensing discussions. At no point did NovaCloud state that SAP was infringing any of its patents. NovaCloud did not identify or allege infringement of the 21 Patents-in-Suit to SAP. NovaCloud did not prepare or provide to SAP any claim charts.  Rather, SAP unilaterally selected these patents as allegedly "in dispute" for purposes of its Complaint based on SAP's own analysis, including of non-public information, rather than communication by NovaCloud.  In sum, SAP filed its complaint for declaratory judgment (Dkt. 1) by self-selecting the patents based on its own infringement analysis in order to improperly allege a justiciable controversy. NovaCloud has moved to dismiss the complaint for lack of subject matter jurisdiction (Dkts. 32, 40).

### 3.    Legal Issues

The parties currently believe that the principal disputed legal issues are:

- Whether the Court has subject matter jurisdiction over the case;

- The proper construction of any disputed claim terms;

- Whether SAP's products and services do not infringe any claims of the Patents-in-Suit, either directly under 35 U.S.C. § 271(a) or indirectly under 35 U.S.C. §§ 271(b) or (c), literally or under the doctrine of equivalents.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

### 4.    Motions

### a.    Pending Motions

There are two pending motions in the case: NovaCloud's Motion to Dismiss (Dkt. 32) and NovaCloud's Motion and Request for Relief under the Order Setting the Initial Case Management Conference (Dkt. 47). A hearing on the Motion to Dismiss was set for January 15, 2026, at 11am. The Court has rescheduled the hearing on the Motion to Dismiss to March 19, 2026.

2

**b.     Anticipated Motions**

There are no presently anticipated motions.

**5.     Amendment of Pleadings, Addition of Parties**

The parties do not agree on the deadline for joining parties and amending the pleadings. The parties' proposed schedules are presented in Appendix A.

**6.     Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Each party has implemented a litigation hold with respect to materials believed to be relevant to this action.

**7.     Initial Disclosures**

The parties do not agree on the timing of initial disclosures. The differing schedules are presented in Appendix A.

**8.     Discovery**

**a.     Protective Order**

The parties agree that a protective order will be necessary in this case in light of the proprietary information that will be exchanged during discovery. The parties do not agree on the timing of the proposed protective order. The parties' proposed schedules are presented in Appendix A. In the meantime, the Court's form protective order governs this action pursuant to Patent Local Rule 2-2.

**b.     Limits to Discovery Requests and Depositions**

**1.  SAP's Statement**

SAP does not anticipate a need to modify the limits set by the Federal Rules of Civil Procedure at this time. The default limits in the Federal Rules of Civil Procedure will encourage the parties to narrow the issues in dispute as the case proceeds. To the extent the parties believe expansion is necessary once discovery is under way, they can meet and confer and move the Court at that time.

Case No. 3:25-cv-08118-JD

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

**2.  NovaCloud's Statement**

SAP has alleged non-infringement of *twenty-one* NovaCloud patents based on SAP's review of its product line. As a result, discovery beyond the limits set forth by the Federal Rules of Procedure is necessary. NovaCloud proposes an enlarged limit of 210 hours of depositions and 75 interrogatories.

**c.  Electronically Stored Information (ESI)**

The parties will submit a proposed order regarding the discovery of electronically stored information to the Court. The parties do not agree on the timing of the proposed ESI order. The parties' proposed schedules are presented in Appendix A.

**d.  Electronic Service**

The parties agree to accept service by email. Service by email will be treated as service by hand delivery. The parties agree that service by email by 11:59 p.m. Pacific time on a given day will be treated as service by personal delivery that day.

The parties further agree that documents filed publicly through the Court's ECF system need not be separately served by email or otherwise and that ECF filing constitutes personal service as of the date and time such document was filed. The parties agree that documents filed under seal or manually must be served by email or other electronic means including FTP transfer immediately following a related ECF filing, and that the email service of such documents shall relate back to the time of the related ECF filing.

**e.  Privilege Logs**

The parties agree that privileged communications and documents covered by work product protection that are dated on or after September 24, 2025, need not be included in any privilege log. This exclusion applies only to communications and documents prepared and/or exchanged by or at the direction of counsel in anticipation of litigation or for trial; and to communications and documents exchanged between the parties and/or their counsel (outside counsel or in-house counsel). In addition, nothing herein precludes any party from arguing any alleged waiver of the attorney-client privilege by the other party.

The parties further agree that pursuant to Fed. R. Evid. 502(d), the production of a

4

privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

### f.    Expert Discovery

The parties agree that the protections provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. In accordance with Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless relied on by the expert in forming his or her opinions. If an expert produces a report, the expert must produce his or her final report and all materials which he or she considered (other than documents produced in discovery).

### 9.    Class Actions

This litigation is not a class action.

### 10.    Related Cases

NovaCloud has asserted at least some of the Patents-In-Suit in the following litigations:

JOINT CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER

| Case | Filing date | Common Patents |
|------|-------------|----------------|
| *NovaCloud v. Meta Platforms, Inc. f/k/a/Facebook, Inc.*, No. 1-25-cv-674 (D. Del.) | May 30, 2025 | US 10,225,173; US 8,145,721; US 8,401,028; US 9,654,333; US 9,225,651 |
| *NovaCloud v. International Business Machines Corp.*, No. 2-25-cv-700 (EDTX) | Jul. 8, 2025 | US 10,691,480; US 8,401,028; US 8,407,348; US 9,491,063; US 9,900,262 |
| *NovaCloud v. Amazon.com, Inc. et al.*, No. 1-25-cv-1272 (D. Del.) | Oct. 17, 2025 | US 10,225,173; US 8,145,721; US 8,401,028 |
| *NovaCloud v. Microsoft Corporation*, No. 2-25-cv-1228 (EDTX) | Dec. 17, 2025 | US 10,225,173; US 10,430,172; US 8,401,028 |
| *NovaCloud v. Charter Communications, Inc. et al.*, No. 2-25-cv-1266 (EDTX) | Dec. 31, 2025 | US 8,145,721 |

## 11.    Relief

SAP seeks declarations that SAP's products and services do not infringe any claims of the Patents-in-Suit.

NovaCloud has not answered in this case and has not sought any relief to date, other than by filing its Motion to Dismiss. Pursuant to Fed. R. Civ. P. 12(a)(4), NovaCloud will have 14 days to file its Answer following the Court's order if the Court denies its Motion to Dismiss.

## 12.    Settlement and ADR

As required by ADR L.R. 3-5, the Parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. Pursuant to Civil L.R. 16-8(b) and ADR L.R. 3-5(b), the Parties have filed their respective ADR Certification by Parties and Counsel.

## 13.    Consent to Magistrate Judge for All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings

6

including trial and entry of judgment.

**14.    Other References**

The parties agree that currently this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

**a.    SAP's Statement**

SAP included the Patents-in-Suit in its Complaint based on NovaCloud's pre-suit communications as set forth in Dkt. 39 at 9. NovaCloud has not answered the Complaint, but SAP agrees to work with NovaCloud to attempt to narrow the number of disputed patents. An agreement on number of terms for claim construction is premature at this stage, but SAP will work with NovaCloud to narrow the claim construction disputes according the schedule set forth in the Local Patent Rules, and to the extent SAP believes it will require more than ten terms to be construed, SAP would request leave pursuant to section 4 of this Court's Standing Order for Claim Construction.

**b.    NovaCloud's Statement**

SAP has asserted non-infringement of 21 patents that it selected for this dispute. This is an excessive number of patents. NovaCloud proposes that, should the case proceed, SAP be required to narrow the patents-in-suit to a practicable number. For claim construction purposes, NovaCloud further proposes, as required by the Court's Standing Order for Claim Construction in Patent Cases, § 3, that the parties identify no more than ten terms for construction. If more than ten terms are at issue following the parties' claim construction briefing, the parties will meet and confer before preparing their joint claim construction statement to narrow the number of terms that are to be construed by the Court and shall jointly propose the ten terms requiring construction, as required by this Court's Standing Order.

**16.    Expedited Trial Procedure**

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64.

7

**17.    Scheduling**

The parties' proposed schedules are set forth in the chart attached hereto as Appendix A.

**a.    SAP's Statement**

NovaCloud will presumably Answer, deny SAP's non-infringement claims, and make counterclaims of infringement of the Patents-in-Suit if their Motion to Dismiss is denied. SAP proposes a schedule according to the Local Patent Rules, which apply equally to cases of declaratory judgment. The contention dates are included for any infringement contentions by NovaCloud in the case, and there is no unique situation requiring departure from the Local Patent Rules.

**b.    NovaCloud's Statement**

NovaCloud has moved to dismiss SAP's complaint for lack of subject matter jurisdiction. *See* Dkts. 32, 40. The hearing on NovaCloud's motion to dismiss is scheduled for March 19, 2026. Because the fundamental question of whether the Court has jurisdiction to hear the case has not yet been resolved, NovaCloud proposes that the Court postpone the Initial Case Management Conference and deadlines flowing therefrom until after ruling on its Motion to Dismiss. *See* Dkt. 47. Further, SAP's proposed schedule risks setting a date for amended pleadings before the date set by the Federal Rules for NovaCloud to answer or otherwise respond to SAP's complaint, and similarly could require service of infringement contentions before the deadline to answer SAP's complaint's non-infringement allegations. *Id.* NovaCloud's proposal serves judicial efficiency and avoids these jurisdictional and procedural issues.

**18.    Trial**

SAP requests a trial by jury. NovaCloud has not yet answered and therefore has not yet made a request.

**19.    Disclosure of Non-Party Interested Entities or Persons**

SAP has filed its Certification of Interested Entities or Persons as required by Local Rule 3-15. The undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

NovaCloud has filed its Certification of Interested Entities or Persons as required by Local

8

Rule 3-15. The undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**20.    Professional Conduct**

The parties have confirmed that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

**a.    Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

**1.    SAP's Statement**

SAP proposes the deadlines set forth in the attached proposed case schedule in Appendix A. Assuming NovaCloud denies SAP's non-infringement claims and files counterclaims of infringement in this case, there should be no change to the Court's typical procedures regarding exchange of contentions and corresponding discovery.

**2.    NovaCloud's Statement**

NovaCloud proposes the deadlines set forth in the attached proposed case schedule in Appendix A. Due to the head start SAP had in preparing its case of non-infringement against NovaCloud by having access to its own internal technical documents and personnel, combined with the fact that NovaCloud has not prepared infringement claim charts, NovaCloud requests that SAP produce the technical documentation for the products for which SAP asserts non-infringement at least one month before NovaCloud's Asserted Claims and Infringement Contentions are due. NovaCloud may also seek early depositions to determine if SAP infringes.

**b.    Format for Claim Construction Hearing**

With respect to the format of the Claim Construction Hearing, the parties reserve the right to provide live testimony from experts during the hearing.

**c.    How the Parties Intend to Educate the Court on the Technology**

The parties recommend that to the extent necessary a technology tutorial will be provided

9

Case No. 3:25-cv-08118-JD                    JOINT CASE MANAGEMENT STATEMENT &
                                                           [PROPOSED] ORDER

as part of the Claim Construction Hearing.

### d. Damages Estimate

SAP seeks at least an award of attorneys' fees, expenses, and costs associated with the present action under 35 U.S.C. § 285. Such fees, costs, and expenses cannot be computed at the present time because they will accumulate over the course of the litigation. NovaCloud has not yet answered and therefore cannot provide a damages estimate.

**Appendix A:**
**Proposed Case Schedule**

| Scheduled Event | SAP's Proposed Dates | NovaCloud's Proposed Dates |
|---|---|---|
| Initial Disclosures | March 19, 2026 | After the Court rules on NovaCloud's Motion to Dismiss |
| Initial Case Management Conference | March 19, 2026 | After the Court rules on NovaCloud's Motion to Dismiss |
| Deadline to Submit Proposed Protective Order and ESI Order | February 19, 2026 | 7 days after the Initial Case Management Conference |
| Last Day to Amend the Pleadings/Add Parties | 60 days after the Initial Case Management Conference | 30 days after the Initial Case Management Conference |
| Production of Technical Documentation | With invalidity contentions pursuant to PLR 3-4 below | At least six weeks prior to Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (PLR 3-1, 3-2) |
| Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (PLR 3-1, 3-2) | April 23, 2026 | 21 days after the rescheduled Initial Case Management Conference or after NovaCloud serves its Answer, whichever is later (PLR 3-1) |
| Invalidity Contentions and Document Production Accompanying Invalidity Contentions (PLR 3-3, 3-4) | June 8, 2026 | 45 days after the Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure (PLR 3-1, 3-2) |
| Exchange of Proposed Terms for Construction (PLR 4-1) | June 22, 2026 | 14 days after service of Invalidity Contentions nor 42 days after service of Infringement Contentions (PLR 4-1) |

11

| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (PLR 4-2) | July 13, 2026 | 21 days after exchange of Proposed Terms for Construction (PLR 4-2) |
|---|---|---|
| Damages Contentions | July 28, 2026 | 50 days after service of Invalidity Contentions (PLR 3-8) |
| Joint Claim Construction and Prehearing Statement and Expert Reports (PLR 4-3) | August 7, 2026 | 60 days after service of Invalidity Contentions (PLR 4-3) |
| Responsive Damages Contentions | August 28, 2026 | 30 days after service of Damages Contentions (PLR 3-9) |
| Close of Claim Construction Discovery (PLR-4-4) | August 28, 2026 | 30 days after service and filing of Joint Claim Construction and Prehearing Statement (PLR 4-4) |
| Opening Claim Construction Brief | September 11, 2026 | 45 days after service and filing of Joint Claim Construction and Prehearing Statement and six weeks before the date of the claim construction hearing (PLR 4-5(a); Standing Order for Claim Construction in Patent Cases § 11) |
| Responsive Claim Construction Brief | September 25, 2026 | 14 days after service and filing of Opening Claim Construction Brief (PLR 4-5(b)) |
| Reply Claim Construction Brief | October 2, 2026 | 7 days after service and filing of Responsive Claim Construction Brief (PLR 4-5(c)) |
| Claim Construction Hearing | October 22, 2026 | TBD at the Court's convenience; approximately 2 weeks after service and filing of Reply Claim Construction Brief (PLR 4-6) |
| Close of Fact Discovery | January 22, 2027 | 8 months from the Initial Case Management Conference |
| Opening Expert Reports | March 5, 2027 | 9.5 months from the Initial Case Management Conference |
| Rebuttal Expert Reports | April 2, 2027 | 10.5 months from the Initial Case Management Conference |

| Close of Expert Discovery | April 30, 2027 | 11 months from the Initial Case Management Conference |
|---|---|---|
| Last Day to File Dispositive Motions and Daubert Motions | June 11, 2027 | 13 months from the Initial Case Management Conference |
| Hearing on Dispositive Motions and Daubert Motions | August 12, 2027 | 15 months from the Initial Case Management Conference |
| Pretrial Conference | October 7, 2027 | 17 months from the Initial Case Management Conference |
| Jury Trial | October 25, 2027 | 18 months from the Initial Case Management Conference |
| Length of Jury Trial | 5 days | 14 days, unless SAP is required to narrow claims/patents at issue |

Dated: January 22, 2026


By:     */s/ William A. Hector*
          William A. Hector

VENABLE LLP

William A. Hector (SBN 298490)
wahector@venable.com
Pan C. Lee (SBN 278979)
pclee@Venable.com
101 California St., Suite 3800
San Francisco, CA 94111
415.653.3738
415.653.3755 - Facsimile

Frank C. Cimino, Jr. (*pro hac vice*)
fccimino@Venable.com
Megan S. Woodworth (*pro hac vice*)
mswoodworth@Venable.com
Jonathan L. Falkler (*pro hac vice*)
jlfalkler@Venable.com
600 Massachusetts Avenue, NW
Washington, DC 20001
202.344.4503

Robert E. Bugg (*pro hac vice*)
rebugg@Venable.com

By:     */s/ John B. Campbell*
          John B. Campbell

MCKOOL SMITH P.C.

Alan P. Block
California Bar No. 143783
ablock@mckoolsmith.com
MCKOOL SMITH P.C.
One California Plaza, Suite 2900
Los Angeles, CA 90071
Telephone: 213.694.1200
Facsimile: 213.694.1234

Clara Bourget
California Bar No. 356949
cbourget@McKoolSmith.com
MCKOOL SMITH, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

John B. Campbell (admitted pro hac vice)
Texas State Bar No. 24036314
jcampbell@McKoolSmith.com

13

JOINT CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER

151 West 42nd Street
New York, NY 10036
212.370.6241

**Attorneys for Plaintiff**
**SAP AMERICA, INC.**

Stone A. Martin (admitted pro hac vice)
Texas State Bar No. 24143713
smartin@McKoolSmith.com
MCKOOL SMITH, P.C.
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Kevin L. Burgess (admitted pro hac vice)
Texas State Bar No. 24006927
kburgess@McKoolSmith.com
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Facsimile: (903) 923-9099

Michael E. Catapano (admitted pro hac vice)
New York State Bar No. 5933700
Mariel R. Talmage (admitted pro hac vice)
New York State Bar No. 5948831
mcatapano@mckoolsmith.com
mtalmage@mckoolsmith.com
MCKOOL SMITH, P.C.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

**Attorneys for Defendant**
**NOVACLOUD LICENSING, LLC**

14

JOINT CASE MANAGEMENT STATEMENT &
[PROPOSED] ORDER

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that all signatories to this document concur in its filing.


Dated: January 22, 2026                                      */s/ William A. Hector*
                                                             William A. Hector

---

15

## CASE MANAGEMENT ORDER

The JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER submitted to the Court on January 22, 2026, is hereby APPROVED as the Case Management Order with the schedule set forth in [SAP's Proposed Dates/NovaCloud's Proposed Dates], and the parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____          _____

Honorable James Donato
United States District Judge

Case No. 3:25-cv-08118-JD                    JOINT CASE MANAGEMENT STATEMENT &
                                                              [PROPOSED] ORDER