United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAP AMERICA, INC.,
Plaintiff,
v.
NOVACLOUD LICENSING, LLC,
Defendant.

Case No. 25-cv-08118-JD

**ORDER RE DISMISSAL**

In this patent declaratory judgment action, plaintiff SAP America, Inc., asks for a declaration of non-infringement of 21 United States patents owned by defendant NovaCloud Licensing, LLC. NovaCloud asks to dismiss for lack of subject matter jurisdiction in that there is no case or controversy under the Declaratory Judgment Act. Dismissal is denied.

**BACKGROUND**

As alleged in the complaint, SAP is a well-known technology company specializing in business software and AI applications. Dkt. No. 1 ¶ 2. Among other offerings, SAP supplies cloud computing and business technology platforms. *Id.* ¶ 19. NovaCloud is said to be a "patent monetization entity" whose "business is litigation," and not the manufacturing or creation of products. *Id.* ¶ 3.

In April 2025, NovaCloud contacted SAP to offer a license for 57 of NovaCloud's patents. *Id.* ¶ 6; Ex. V. NovaCloud said that the patents "are core and ubiquitous to cloud computing platforms and services" and that they "are relevant to SAP's product offerings." *Id.* NovaCloud stated that "its sole purpose [is] to take ownership and license a foundational patent portfolio of cloud-based technologies from Ericsson." *Id.* Ex. V. The complaint alleges that NovaCloud has already sued competitors of SAP for infringement claims based on several of the patents identified

to SAP. *Id.* ¶¶ 15-17.

In June 2025, NovaCloud's patent attorney, who has appeared as counsel of record for it in this case, sent a follow-up letter to SAP repeating NovaCloud's offer to discuss licenses for its patents. *Id.* Ex. W. The attorney emphasized that "[o]ur analysis indicates that many of the patents are relevant to SAP's product offerings, including its Business Technology Platform and cloud computing services." *Id.*

The parties discussed a potential licensing deal during summer of 2025. *Id.* ¶ 11-12. In August 2025, NovaCloud sent a slide deck to SAP under the rubric of Federal Rule of Evidence 408, which makes offers to compromise a disputed claim inadmissible to prove or disprove liability. Dkt. No. 38-1 at 1.[1] The deck identified SAP's products and services that NovaCloud believed its patents applied to. *Id.* at 6-9. The deck also presented "NovaCloud Valuation/Damages Considerations," and stated that a "valuation/damages expert" had prepared a "preliminary damages analysis" and that an "expert report" was contemplated. *Id.* at 10. The slide laid out a number of specific "Damages/valuation" factors such as historical and projected sales and profits, comparable licenses, and the like. *Id.* It proposed to provide "claim charts" for SAP's consideration. *Id.* The damages page was branded with the logos of NovaCloud's litigation expert witness and patent attorneys, which was the only page so marked in the deck. *Id.* NovaCloud asked SAP to enter into a nondisclosure agreement with respect to the deck to "prevent SAP from filing a declaratory judgment action with respect to the patents." Dkt. No. 1 ¶ 14.

The slide deck is noteworthy in other respects. It expressly stated that "Use of NovaCloud's patents directly impacts customer functionality and ultimately customer's decision to use SAP products and services," and that "[u]se of NovaCloud's patents directly impacts SAP's revenue generating features and functionalities." Dkt. No. 38-1 at 11. It presented a specific licensing fee demand that was substantial. *Id.* at 13.

Shortly after receiving the deck, SAP filed this action for a declaration of rights on 21 of

---

[1] The citation is to the unredacted version of the deck, which was subject to provisional sealing. *See* Dkt. No. 59. To the extent quoted here, the provisional sealing is revoked.

the 57 patents that NovaCloud identified in its communications. Dkt. No. 1.

## LEGAL STANDARDS

The standards governing declaratory judgment cases are straightforward. As the Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The "phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). For there to be a justiciable controversy within the meaning of the Act, "the dispute must be definite and concrete, touching the legal relations of parties having adverse legal interests, real and substantial . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1376 (Fed. Cir. 2012) (cleaned up).

Whether a plaintiff's action for declaratory relief presents a "substantial controversy" that is sufficiently "definite and concrete" is a fact-dependent inquiry that looks at "all the circumstances." *MedImmune*, 549 U.S. at 127 (cleaned up). There is no "bright-line rule" for determining when a plaintiff's case crosses the threshold for justiciability in the patent context. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008). The record must demonstrate that a substantial controversy exists between parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (cleaned up).

Imminent litigation is not required for declaratory relief. *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008). Nor is an express threat to sue. *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1348 (Fed. Cir. 2011). A clear and present intent to litigate a claim need not be expressed in overt language or "magic words" such as "litigation" or "infringement." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362-64 (Fed. Cir. 2009). Rather, indications of a concrete controversy may be found in circumstances such as threatening communications, preparation of claim charts, asking another party not to file for

United States District Court
Northern District of California

declaratory relief, a record of suing to enforce the patent against other parties, operating as a holding company with no source of income besides patent enforcement, and the like. *See, e.g., 3M*, 673 F.3d at 1378; *Hewlett-Packard*, 587 F.3d at 1363; *Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 3:21-CV-09773-JD, 2022 WL 2905065, at *3 (N.D. Cal. July 22, 2022). No one fact is dispositive, and the goal is to prevent patent holders from dangling a "Damoclean threat" over potential defendants, making them "helpless and immobile so long as the patent owner refuse[s] to . . . sue." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734-35 (Fed. Cir. 1988).

Even when a case or controversy exists, the Declaratory Judgment Act states that the Court "may" hear the case, but is not required to do so. 28 U.S.C. § 2201(a). This provision "has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune*, 549 U.S. at 136. Dismissal is rarely proper when hearing the case would "serve the objectives for which the Declaratory Judgment Act was created." *Micron*, 518 F.3d at 902 (quoting *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004)). Dismissal is appropriate primarily when the action is brought for an improper purpose or contains some other kind of procedural defect. *Capo*, 387 F.3d at 1355.

Because NovaCloud brings this motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 951 (N.D. Cal. 2018). Federal Circuit case law governs the determination of whether a declaratory judgment action is proper. *See 3M*, 673 F.3d at 1377.

**DISCUSSION**

The record makes short work of NovaCloud's request for dismissal. NovaCloud does not dispute the salient facts. Rather, its main objection is that the undisputed facts establish nothing more than "good faith licensing discussions" unburdened by any indication that SAP would be "hauled into court." Dkt. No. 32 at 3.

Not so. As discussed, NovaCloud, among other actions, plainly stated the view that its patents were essential to the functionality, sales, and profitability of SAP's products, sent to SAP

"valuation/damages" information prepared by a litigation expert witness with reference to an anticipated "expert report," and engaged patent counsel on its behalf that was prominently featured in the damages discussion and in other communications. NovaCloud did not disagree that it operates solely to monetize patents, or that it has sued competitors of SAP for infringement of some of the same patents NovaCloud identified to SAP. NovaCloud expressly referred to claim charts for SAP's products.

NovaCloud has little of substance to say in response to these undisputed facts. It characterizes its communications with SAP as mere suggestions that NovaCloud's patents might be "relevant" to SAP, Dkt. No. 32 at 3, but that is just soft soaping the record. The facts indicate a much more concrete threat in NovaCloud's communications than a friendly suggestion that SAP was free to consider a license without fear of a lawsuit, as NovaCloud would have it. NovaCloud mentions other cases where declaratory judgment was declined, but those cases involved different facts that are distinguishable from those here. It is the "specific facts of each case" that "must be considered, in deciding whether a declaratory action is warranted." *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1382 (Fed. Cir. 2010).

Overall, SAP has demonstrated firm factual grounds for a declaratory judgment action. The totality of circumstances evidenced in the record make plain that there is a substantial, definite, and concrete dispute between the parties on whether SAP infringes NovaCloud's patents. Consequently, the Court will not decline jurisdiction and the dismissal of the complaint is denied.

**IT IS SO ORDERED.**

Dated: September 30, 2026



JAMES DONATO
United States District Judge